# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 53194

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 13, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CESAR MEDINA GUERRERO, JR., | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of two years, for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender; Katherine C. Ball and Kelsi Saunders, University of Idaho Legal Aid Clinic, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; LORELLO, Judge;
and MELANSON, Judge Pro Tem

---

PER CURIAM

Cesar Medina Guerrero, Jr. pled guilty to felony driving under the influence. I.C. § 18-8005(9). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Guerrero to a unified term of ten years, with a minimum period of confinement of two years. Guerrero appeals, arguing that his sentence is excessive.

Mindful that Guerrero received the sentence he asked for, he asserts that the district court erred in imposing an excessive sentence. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v.*

1

*Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Guerrero received the sentence he requested, he may not complain that the district court abused its discretion. Accordingly, Guerrero's judgment of conviction and sentence are affirmed.